## I. FRIEDMAN CO. v. HARN et al.

No. 4392.    Opinion Filed July 6, 1915.

(150 Pac. 680.)

**INSURANCE—Action on Fire Policy—Petition—Sufficiency Against Demurrer.** Where, in an action on a fire insurance policy, it is alleged that the loss occurred at a time when the policy was not in force, a demurrer to the petition was properly sustained.

(Syllabus by Bleakmore, C.)

*Error from District Court, Tulsa County;*
*L. M. Poe, Judge.*

Action by the I. Friedman Company, a corporation, against A. B. Harn, Receiver for the Merchants' & Planters' Insurance Company of Tulsa, Okla., and others. Judgment for defendants, and plaintiff brings error. Affirmed.

*Scothorn, Caldwell & McRill* and *Biddison & Campbell,* for plaintiff in error.

*Davidson & Williams* and *W. D. Abbott,* for defendants in error.

Opinion by BLEAKMORE, C.  This is an action on a fire insurance policy commenced on the 20th day of June, 1911, in the district court of Tulsa county, by the plaintiff in error, as plaintiff, against the defendants in error, as defendants.  In the petition it is alleged:

"Plaintiff alleges and states that heretofore, to wit, on the 25th day of October, 1909, the defendant insurance company, in consideration of the payment, to wit, of a premium of $50 which was by the plaintiff paid to said defendant company, issued, executed, and delivered to the defendant company its contract of fire insurance No. 203558, issued at its Groveton, Tex., agency by which said defendant, the Merchants' & Planters' Insurance Company, insured the I. Friedman Company, Incorporated, of Groveton, Tex., for the term of one year from the 25th day of October, 1909, at noon, to the 25th day of October, 1910, at noon, against all direct loss or damage by fire.  *  *  *

"Plaintiff avers that said stock of merchandise so insured was of the reasonable value of $2,500, and that while said insurance was in full force and effect, to wit, on the 14th day of May, 1911, said stock of merchandise and property so insured was totally destroyed by fire."

To this petition defendants demurred, the demurrer was sustained, and to review the action of the court in this respect, proceedings in error are prosecuted here.

By motion to correct the case-made, plaintiff in error contended that the date of the fire and loss as alleged in the amended petition on file in the court below was the 14th day of May, 1910, instead of the 14th day of May, 1911, as the same appears in the case-made, and that said date, the 14th of May, 1911, was incorrectly incorpor-

ated in the case-made. Defendants, by objection verified by affidavits, opposed such motion, insisting that the case-made contained the exact date alleged and set forth in the amended petition in the trial court. On April 27, 1915, by order of this court, permission was given to withdraw the case-made, and plaintiff granted 15 days within which to have the same corrected in accordance with its motion, under the direction of the trial court. As more than 60 days have passed and plaintiff has not availed itself of the opportunity granted to correct the alleged mistake, we must infer that its contention that an erroneous date was incorporated into the record was without foundation, and will therefore treat the case-made as true and correct. It appearing from the amended petition that the time for which the property of the plaintiff was insured had expired and the policy sued on was not in force at the time of the alleged loss, the defendants were not liable; and the trial court properly sustained the demurrer.

The judgment should, therefore, be affirmed.

By the Court: It is so ordered.